Gieeen, J.
The suit below was instituted by the village of Hyde Park for the purpose of appropriating property to open Andrew avenue.
Suoh proceedings were had that on July 29, 1898, a mo *279 tion for a new trial was overruled and judgment entered or* the verdict assessing compensation as found by the jury.
On December 3, 1898, Elizabeth F. Black et al. filed a motion to retax costs so as to include reasonable attorney fees and expenses,for the reason that the plaintiff has refused to accept the verdict and judgment herein rendered. Upon consideration hereof and having heard the testimony, the court taxed the compensation to be paid the attorneys of the several defendants as costs. Afterwards attorney fees were taxed in behalf of other defendants, but none later than January 25, 1899.
On May 4, 1899, at a subsequent term of the court, the plaintiff filed a motion to again retax costs by excluding all compensation as attorney fees for the reasons —
First: That six months had not expired when such fees were so taxed.
Second: That the ordinance under which said proceedings were had, was contrary to the constitution of the United States, illegal and void.
On June 25, 1899, upon consideration of the court, this motion was sustained, and the clerk of the court was ordered to retax the costs and exclude therefrom all attorney fees and expenses of defendants.
Although the motion is styled a motion to retax costs, it Beeks to vacate a judgment rendered or order made at a former term of the court, and should be so treated; nor is the ground, for vacation that the judgment was rendered “before the action regularly stood for trial,” one within the meaning of section 5357, -Revised Statutes, Follett v. Alexander, 58 Ohio St., 202. The irregularity in obtaining the judgment or order consisted, if at all, in entering a motion prematurely filed, and a want of power in the court to hear and determine the same.
Section 2260, Revised Statutes, provides as follows:
“Where a municipal corporation makes an appropriation of land for any purpose specified in this chapter,and fails to pay for or take possession of the same within six months after the assessment of compensation shall have been made, as hereinbefore provided, the right of the corporation to make such appropriation on the terms of the assessment so made, shall cease and determine. * * f And upon motion of aoy defendant said costs shall thereupon be re- *280 taxed, and a reasonable fee, to be paid to tbe attorney of such defendant, together with any other reasonable and proper expense incurred by defendants in an amount to be then fixed by the court, shall be added to and included in such costs as a part thereof to be collected by execution or otherwise, in the same manner as though originally so taxed. ’ ’
It will be observed that the right to appropriate shall cease and determine upon failure to pay for or take possession within six months after assessment made. And thereupon, that is when the right ceases and determines, the costs shall be retaxed upon motion of any defendant. This provision was evidently intended for the benefit of the land owners; but they may waive it by accepting payment after the expiration of six months, and there is nothing in the statute preventing the corporation from waiving its right to take by notifying the owners of its refusal. The motion alleged such refusal, and was heard and determined upon evidence. The village appeared by its counsel and defended, without making any objection till it filed the motion of May 4, 1899. The village therefore waived its right to take the property within the six months, and the motion of defendants to retax costs was not prematurely made.
In vacating the order the court did not adjudge that there was a valid defense as required by section 5360, Revised Statutes. It is further contended that the ordinance to appropriate containing a provision that the costs and expenses thereof should be assessed upon the property bounding and abutting thereon per front foot was unconstitutional and void.
The case of Baker v. Norwood is relied on, but in that case the court held that a reassessment could be made, the syllabus being as follows:'
“Where a special assessment is in itself illegal, because it rests upon a basis that excludes any consideration of benefits to the property taxed, proof that it is in excess of benefits is not required in a suit to enjoin its enforcement, as the only appropriate decree in such case is one enjoining the whole assessment, leaving the local authorities to make a new one according to law.”
Section 2290, Revised Statutes, also provides that: “When it appears to the council that a special assessment *281 is invalid, by reason of informality or irregularity in the proceedings, or where an assessment is adjudged to be illegal by a court of competent jurisdiction, the council may order a reassessment whether the improvement has been made or not.” It could also assess the costs and expenses on the general tax list.
John M. Walsh, for the Village.
James B. For alter; Edwin Qholson-, Max B. May-, Cop-pock. Hammel & Coppock; P. A. Beece-, L. M. Mongan-, James B. Matson and Hollister, for the property owners.
At all events the defendants were brought into court by the plaintiff and compelled to defend an action the benefits of which the plaintiff declined to accept. They are not now claiming anything under the ordinance, which, if invalid, was chargeable to plaintiff alone, but they seek reimbursement of the expenses to which they were needlessly put by reason of the failure of the plaintiff to take the property,
The order and judgment of the court on the motion of the village will therefore be reversed.